**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSSEX FINANCIAL ENTERPRISES, INC., a Delaware corporation,<br><br>       Plaintiff - Appellant,<br><br> v.<br><br>BAYERISCHE HYPO-UND VEREINSBANK AG, AKA Hypovereinsbank; HVB RISK MANAGEMENT PRODUCTS, INC.; HVB U.S. FINANCE, INC., FKA HVB Structured Finance, Inc.,<br><br>       Defendants - Appellees. | No. 10-16854<br><br>D.C. No. 3:08-cv-04791-SC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, Senior District Judge, Presiding

Argued and Submitted November 16, 2011
San Francisco, California

Before: THOMAS, GOULD, and BYBEE, Circuit Judges.

Sussex Financial Enterprises, Inc. appeals the grant of summary judgment

against it on its fraud and RICO claims against the defendants ("HVB"). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

affirm. Because the parties are familiar with the factual and legal history of the case, we need not recount it here.

I

The district court properly excluded parol evidence of the alleged representations made by HVB prior to the execution of the credit agreement. A federal court deciding a state-law cause of action must apply the state's parol evidence rule. *See Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998–99 (9th Cir. 2001). In California, the "parol evidence rule generally prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an integrated written instrument." *Alling v. Universal Mfg. Corp.*, 7 Cal. Rptr. 2d 718, 731 (Cal. Ct. App. 1992); *see also* Cal. Code Civ. Proc. § 1856(a). This rule applies in fraud as well as contract actions. *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 346 (Cal. 2004). The rule also applies against non-contracting third parties. *Kern Cnty. Water Agency v. Belridge Water Storage Dist.*, 18 Cal. App. 4th 77, 86 (Cal. Ct. App. 1993).

Because the parol evidence rule applies only to integrated written agreements, the threshold question in this case is whether the parties to the credit agreement intended it to be a complete and final expression of their agreement. *Masterson v. Sine*, 68 Cal. 2d 222, 225 (Cal. 1968). In California, an integration

2

clause offers persuasive evidence that the parties intended for the writing to be such a final expression. *Salyer Grain & Milling Co. v. Hensen*, 13 Cal. App. 3d 493, 501 (Cal. Ct. App. 1970). The credit agreement here included an integration clause, which read: "Integration of Terms. This Agreement . . . , together with any Credit Documents, contains the entire agreement between the parties with respect to the subject matter hereof and supersedes all oral statements and prior writings with respect thereto." Furthermore, as the district court found, the credit agreement is an extensive document of over forty pages that "addresses every material aspect" of the agreement. Thus, the district court properly concluded that the credit agreement was a fully integrated agreement, and the parol evidence rule applies.

Under California law, parol evidence may be admitted to explain ambiguity in an integrated contract. *Pac. State Bank v. Greene*, 1 Cal. Rptr. 3d 739, 747 (Cal. Ct. App. 2003) (citations omitted). "The test of whether parol evidence is admissible to construe an ambiguity is not whether the language appears to the court unambiguous, but whether the evidence presented is relevant to prove a meaning to which the language is 'reasonably susceptible.'" *Winet v. Price*, 6 Cal. Rptr. 2d 554, 557 (Cal. Ct. App. 1992) (citing *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 644 (Cal. 1968)); *see also Garcia*

*v. Truck Ins. Exch.*, 36 Cal. 3d 426, 435 (Cal. 1984). Here, as the district court correctly concluded, there is no facial ambiguity in the credit agreement. The agreement unambiguously gave HVB the right to withdraw from the loans after one year. Moreover, the agreement provided that "if a Bank elects *in its sole discretion* not to deliver a Spread Bid to the borrower, . . . such Bank shall be deemed to have delivered to the Borrower a Mandatory Prepayment Election Notice . . . ." (emphasis added). In other words, HVB had to take affirmative action to deliver a spread bid to the borrower. Otherwise, the loan would terminate. Thus, the plain language of these provisions afforded HVB "sole discretion" to terminate the loans after one year, as it ultimately did. The district court correctly concluded that there was no patent ambiguity in these terms and that the ambiguity exception did not apply.

The contract in this case is unambiguous on its face. The district court properly excluded parol evidence. We have carefully examined the district court's other evidentiary rulings and find no error in any of them.

## II

Without parol evidence, Sussex failed to establish the necessary elements of its fraud claim. Sussex alleges that HVB had a hidden intention to unwind the loans that were the subject of the contract after the first year, and that HVB

4

fraudulently misrepresented this intention during negotiations. Under California law, the elements of fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity . . . ; (c) intent to defraud . . . ; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Super. Ct.*, 909 P.2d 981, 984 (Cal. 1996) (citations omitted) (internal quotation marks omitted). Sussex cannot establish justifiable reliance.

A party may not, as a matter of law, reasonably rely on an oral promise that contradicts the plain terms of a written agreement. *See, e.g., Hadland v. NN Investors Life Ins. Co.*, 30 Cal. Rptr. 2d 88, 95 (Cal. Ct. App. 1994) (reliance on representation "unjustified as a matter of law" when it conflicted with written contract); *Glenn K. Jackson, Inc. v. Roe*, 273 F.3d 1192, 1201 (9th Cir. 2001) (finding no reasonable reliance where plaintiff's expectations conflicted with the written contract). "The reasonableness of the plaintiff's reliance is judged by reference to the plaintiff's knowledge and experience." *OCM Principal Opportunities Fund v. CIBC World Markets Corp.*, 68 Cal. Rptr. 3d 828, 864 (Cal. Ct. App. 2007) (citation omitted).

Here, Sussex could not, as a matter of law, have reasonably relied upon HVB's alleged misrepresentation. An assurance from HVB that it would only unwind the loan for particular commercial reasons would have directly

5

contradicted the express terms of the contract, which gave HVB the right to unwind it for any reason. Given that Sussex is a highly sophisticated and experienced party, its reliance on the alleged misrepresentation would have been particularly unreasonable. Thus, Sussex cannot establish reasonable reliance, a necessary element of its fraud claim. The district court properly granted summary judgment.

## III

Sussex's RICO cause of action also fails. The four elements of a RICO violation are: "(1) conduct, (2) of an enterprise, (3) through a pattern, and (4) of racketeering activity." *Jarvis v. Regan*, 833 F.2d 149, 151-52 (9th Cir. 1987) (citation omitted). Here, the predicate violations of Sussex's RICO claim are mail and wire fraud. These require that HVB 1) devised or intended to devise a scheme to defraud Sussex, and 2) used the mail or wires in executing, or attempting to execute that scheme. *See Carter v. United States*, 530 U.S. 255, 261 (2000); *United States v. Green*, 592 F.3d 1057, 1064 (9th Cir. 2010). Such a scheme to defraud must "include an 'affirmative, material misrepresentation.'" *Green*, 592 F.3d at 1064 (quoting *United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir. 1986)). Because Sussex cannot rely on extrinsic evidence, it cannot establish

6

HVB's alleged misrepresentation.  Thus, we affirm the district court's summary judgment as to the RICO claim.

IV

The district court's evidentiary rulings were proper.  The court correctly granted summary judgment on the substantive claims.  We need not, and do not, express any opinion on any other issue urged by the parties.  We decline to reach the issues that were asserted for the first time on appeal.

**AFFIRMED.**